UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARILYN L. HARRIS,

    Plaintiff,

v.                                                                         Case No. 17-cv-859-pp

FOUR POINTS SHERATON HOTEL,

    Defendant.

## ORDER ALLOWING PLAINTIFF TO FILE AN AMENDED COMPLAINT NO LATER THAN SEPTEMBER 28, 2018.

In June and July of 2017, the plaintiff (who is representing herself) filed two complaints in the Eastern District of Wisconsin, <u>Marilyn L. Harris v. Four Points Sheraton Hotel</u>, Case No. 17-cv-859, and <u>Marilyn L. Harris v. City of Milwaukee</u>, Case No. 17-cv-1003. In both cases, she alleges that after she graduated from Milwaukee Career College, she started getting harassed. She filed this complaint on June 21, 2017, against the Four Points Sheraton Hotel, alleging that she was harassed and humiliated while she worked there. Dkt. No. 1. The plaintiff also filed a motion asking the court to allow her to proceed without prepaying the filing fee. Dkt. No. 2. The court notes with regret that, because of its heavy caseload, it has taken much longer than it should have to review the plaintiff's case. The court now allows the plaintiff to amend her complaint by September 28, 2018.

1

## I. Plaintiff's Motion to Proceed Without Prepayment of the Filing Fee (Dkt. No. 2)

The court may allow someone to proceed without prepaying the filing fee if two conditions are met: (1) the person shows that she is unable to pay the filing fee; and (2) the case is not frivolous nor malicious, does not fail to state a claim on which relief may be granted, and does not seek monetary relief against a defendant that is immune from such relief. 28 U.S.C. §§1915(a) and (e)(2).

### A. Plaintiff's Ability to Pay the Filing Fee

The plaintiff's request states that she is employed, single and has two sons—ages thirteen and ten—to whom she provides financial support of $210.00 per month each, for a total of $420. Dkt. No. 2 at 1. She reports that she receives $850.00 in total monthly wages and salary (although oddly, in the space for her to list the name of her employer, she wrote, "N/A will get info"). Id. at 2. She also receives $221.00 every two weeks for each of her sons, for a total of $442 per month in child support income. Id. She lists $850.00 as her total monthly expenses, id. at 3, but this number does not match up with the individual expenses she lists: $420/month for her children, $450/month for rent, and $150/month for food totals $1,020. She does not list utilities, insurance, clothing or other expenses. She does not own a car or a home, and does not have any cash, checking, or savings accounts. Id. Despite the discrepancies in her motion, it appears that the plaintiff's expenses exceed her income. The court concludes that she is not able to pay the filing fee.

B.  <u>Screening</u>

Although the plaintiff has shown that she is not able to pay the filing fee, the court still must dismiss a complaint if a plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). For this reason, district courts "screen" complaints filed by self-represented plaintiffs to determine whether the complaint must be dismissed under these standards.

A claim is legally frivolous when "it lacks an arguable basis either in law or in fact." <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). The court may, therefore dismiss a claim as frivolous where it "is based on an indisputably meritless legal theory" or where the "factual contentions are clearly baseless." <u>Neitzke</u>, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." <u>Lindell v. McCallum</u>, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he only has to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson,</u> 355 U.S. 41, 47

(1957)). That said, a complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). Rather, a complaint must contain sufficient factual matter, accepted as true, that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

  C. The Substance of the Plaintiff's Complaint

As noted above, Fed. R. Civ. P. 8(a)(2) states that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." There is a reason that the rule specifies a "short and plain" statement. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." U.S. ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003). The plaintiff cannot leave the court "to guess what claims she intends to assert against which defendants." Dunigan v. St. Clair Cnty. Jail Med. Staff, No. 15-CV-487, 2015 WL 2455505, *2 (S.D. Ill. May 22, 2015).

The plaintiff says that in 2013, she attended Milwaukee Career College for a dental assistant program. Dkt. No. 1 at 2. She alleges that the whole time she was there, she was harassed; she does not say who was harassing her. Id.

4

She could not figure out why she was being harassed, so the plaintiff says she recorded one of the teachers talking to another student; she heard the teacher say "they dont want her to make it." Id. The plaintiff says the teacher was fired the next day; she says when she went to the principal of the school and "ask him about it he just replied I know." Id.

The plaintiff says that she graduated the Career College with all A and B grades, and that on her "interm" she received straight As. Id. She says that this is when she began getting harassed. Id. She began working for a dentist—Dr. O'marro—and says that "[t]he Doctor would receive calls everyday all day harassing and insulting until the Doctor just retired." Id. at 2-3. She continues:

> After that I started working for 4 point Sheraton the first day the supervisor came to me hollering at me about how many calls she received about me then I was harassed and humiliated everyday on the job I felt they did every thing to get me to quit I even heard there was rumors going around about me. I was being followed everyday harassed I was being set up to look a certain way that was untruthful the supervisor was walked off job before I made my 90 days for not firing me.

Dkt. No. 1 at 3.

In her request to proceed without prepaying the filing fee, the plaintiff said that she was taken off of the schedule for a month and a half; that she was guaranteed forty hours a week but had her hours cut to two to three days; and that every day she went to work she was harassed. Dkt. No. 2 at 2.

On page 4 of the complaint, under the "Jurisdiction" section of the form, she checked both the box next to "I am suing for a violation of federal law under 28 U.S.C. § 1331," and the box next to "I am suing under state law. The state citizenship of the plaintiff(s) is (are) different from the state citizenship of

5

every defendant, and the amount of money at stake in this case . . . is $_____$." Dkt. No. 1 at 4. For relief, she asks to be allowed to live her life in peace and for her children to grow up to be good kids; she does not ask for money damages or injunctive relief.

Along with her complaint, the plaintiff filed a one-page letter. Dkt. No. 1-1. The letter is a plea for someone to investigate her case; it states that she believes she "was treated wrong and unfair due to a conspiracy against me some one followed me to the last 3 jobs I had and spreaded rumors and lies to get me fired to hurt my character[.]" Id.

Liberally construing the plaintiff's complaint, the court believes that the plaintiff may be trying to claim that she is the victim of employment discrimination. A claim for employment discrimination arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), which prohibits discrimination "against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

The complaint, however, does not provide the court with enough information about the alleged employment discrimination for the court to be able to determine whether she has stated a claim that a federal court can address. She has sued the Four Points Sheraton, but a hotel cannot harass someone. She does say who, exactly, harassed her. Did one of her bosses at the Four Points Sheraton harass her? Did some of her co-workers at the Sheraton harass her?

She does not explain when she was harassed—it must have been after 2013 (the year she started at the Career College), but she doesn't say exactly when it happened. She does not say how anyone at the Sheraton harassed her—did they call her names? Did they pay her less than other people? She does not provide any detail about the "rumors going around about" her—what were the rumors? Who was spreading them? She does not explain how she "was being set up to look a certain was that was untruthful[.]" Dkt. No. 1 at 3.

Title VII does not prohibit employers from harassing someone for any reason. It prohibits only harassment based on race, color, religion, sex or national origin. The plaintiff says the harassment constituted "hate crimes," but does not explain whether she believes she was being harassed because of her race, color, religion, sex or national origin.

If the plaintiff is alleging that people at the Four Points Sheraton were making her life there unpleasant, that sounds like a claim of a hostile work environment. Title VII's prohibition on employment discrimination

> [e]ncompasses the 'creation of a hostile work environment that is severe or pervasive enough to affect the terms and conditions of employment. A hostile-work-environment claim requires proof of four elements: (1) the plaintiff's workplace was both subjectively and objectively offensive; (2) the plaintiff's [race or color or gender or age] was the cause of the harassment; (3) the harassment was severe or pervasive; and (4) there is a basis for employer liability.

Lord v. High Voltage Software, Inc., 839 F.3d 556, 561 (7th Cir. 2016). If the plaintiff is alleging that someone at the Four Points Sheraton created a hostile work environment, she would need to allege specific instances when someone at the Four Points Sheraton did something, based on race, color, religion, sex

7

or national origin, to make the work environment offensive, and that the harassment was "severe and pervasive."

The court is a bit concerned that, even though the plaintiff has sued the Four Points Sheraton, she really is trying to file a claim against the Career College. It is hard to tell from the facts she alleges, but it is possible that she is alleging that someone from the Career College harassed her at the Sheraton by calling about her every day, and spreading rumors about her. If that is true, she needs to sue the Career College, not the Four Points Sheraton. She should sue the Sheraton only if people at the Sheraton harassed her, for the reasons stated in Title VII.

Finally, the court notes that, if the plaintiff is trying to bring a Title VII discrimination claim against someone at the Sheraton, Title VII requires that before a federal court can rule on her claims, she first must file a complaint with the Equal Employment Opportunities Commission (EEOC). It is the EEOC that conducts an investigation of someone's allegations about employment discrimination. This court cannot conduct investigations, or order someone else to do so. Once the EEOC has made a decision about whether the plaintiff's employer discriminated against her, she then can file her case in federal court. This is called "exhausting administrative remedies," and whether a plaintiff has "exhausted" her administrative remedies depends on what the EEOC does with the plaintiff's charge of discrimination.

If the plaintiff already has filed an EEOC charge and the EEOC dismissed it, she should have received a "Notice-of Right-to-Sue" letter from the EEOC,

8

giving her a deadline by which to file her federal court case. If the plaintiff has a Notice-of-Right-to-Sue letter about her claim against the Sheraton, the court wants to give her an opportunity to provide it to the court. If she hasn't raised her employment discrimination claim with the EEOC, and hasn't received a Notice-of-Right-to-Sue letter, she has not exhausted her remedies on those claims, and she can't bring those claims in this federal lawsuit.

The court will give the plaintiff a deadline by which to file an amended complaint. The court is sending the plaintiff a new form on which to file her complaint. If the court receives the amended complaint by the deadline the court sets, it will review that amended complaint (and, if the plaintiff has it, her Notice-of-Right-to-Sue letter). If the plaintiff does not file an amended complaint by the deadline the court has set, the court will dismiss this case for failure to prosecute, and for failure to state a claim.

**II. Conclusion**

The court **GRANTS** the plaintiff's motion to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **ORDERS** that, if the plaintiff chooses to file an amended complaint, she must file it in time for the court to receive it by the end of the day on **Friday, September 28, 2018**. If the court does not receive an amended complaint from the plaintiff by the end of the day on Friday, September 28, 2018 (or a request for additional time to file that complaint), the court will dismiss the plaintiff's case for failure to prosecute under Civil Local Rule 41 and for failure to state a claim under Federal Rule of Civil Procedure 12(b).

Dated in Milwaukee, Wisconsin this 28th day of August, 2018.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**