UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

MARILYN L. HARRIS,

        Plaintiff,

v.                                          Case No. 17-cv-859-pp

FOUR POINTS SHERATON HOTEL,

        Defendant.

_____

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 8) AND DISMISSING PLAINTIFF'S AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM (DKT. NO. 7)**

_____

On June 21, 2017, the plaintiff, who is representing herself, filed a complaint suing the Four Points Sheraton Hotel. Dkt. No. 1. That same day, she filed a motion for leave to proceed without prepaying the $400 filing fee. Dkt. No. 2. The court's heavy docket prevented it from timely screening the plaintiff's complaint; over a year later, the court issued an order granting the plaintiff's request to proceed without prepaying the filing fee, but requiring the plaintiff to file an amended complaint no later than September 28, 2018. Dkt. No. 6. The court received the plaintiff's amended complaint on September 25, 2018, dkt no. 7, and two days later, it received her motion asking the court to appoint a lawyer to represent her, dkt. no. 8. The court will dismiss the plaintiff's amended complaint for failing to state a claim and will deny the plaintiff's motion to appoint counsel as moot.

## I. Plaintiff's Amended Complaint

### A. Allegations

The plaintiff begins the amended complaint by asserting that the "4 Point Sheraton Hotel Management team violated [her] rights." Dkt. No. 7 at 2. The plaintiff alleged that on her first day of work, "Executive Housekeeper Susan . . . came to me stressed out hollering at me about how many calls she received about me." Id. She claimed that on her third day of work, Executive Housekeeper Susan "said out of nowhere we don't care about your kids Cocoa Cousin said to her I don't have kids but that's not right to say to others." Id. The plaintiff then alleged that in her first week of work, she was responsible for eight to twelve rooms but that "we immediately the 2nd week of work began to get 15+ rms or more everyone noticed the big change in the big work loads[.]" Id. at 2-3.

The amended complaint told the court that "[m]anagement attitude became hateful they always seemed stressed & worried." Id. at 3. The plaintiff stated that her rooms were "purposely destroyed & [she] was never offered help like the other ladies." Id. She said that during her second week of work, her keys were stolen (she does not say how or by whom) and that her supervisor, Ernestine Miller, "tried to speak up and was fired shortly after." Id. Next, the plaintiff alleged that "before [the plaintiff's] 90 days," executive housekeeper Susan "was walked off the job due to not letting [the plaintiff] go." Id. She followed this allegation with a statement that "Dan would make me get on my

knees to make me feel less then a person and follow me around all day & I heard him telling the houseman rumors about me." Id.

The plaintiff concluded by telling the court that she was in a bad car accident and that when she was released to come back to work, she "brought [her] doctor release papers and was placed on call after one day of work and was never called again." Id.

### B. Analysis

As the court told the plaintiff in its previous order, the court must dismiss complaints that are frivolous, fail to state a claim, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In its August 28, 2018 order, the court remarked that the plaintiff's original complaint hinted at employment discrimination and possibly a claim for a hostile work environment. Dkt. No. 6 at 6-8. The order noted that the original complaint did not contain information about *who* harassed her, *how* she was harassed, or *when* she was harassed. Id. at 6-7. The order informed the plaintiff that "Title VII does not prohibit employers from harassing someone for any reason. It prohibits only harassment based on race, color, religion, sex or national origin." Id. at 7. The court similarly informed the plaintiff that she could not establish a claim for a hostile work environment unless she alleged "specific instances when someone at the Four Points Sheraton did something, based on race, color, religion, sex, or national origin, to make the work environment offensive, and that the harassment was 'severe and pervasive.'" Id. at 7-8. Finally, the court told the plaintiff that she needed to attach her Notice

of Right to Sue letter from the EEOC about her claim against the Sheraton hotel. Id. at 8.

The plaintiff's amended complaint remedied some of the problems identified by the court's August 28, 2018 order; the amended complaint provided more details about the harassment and the plaintiff attached her Notice of Right to Sue letter from the EEOC. Dkt. No. 7-1. The date on the letter is April 21, 2017, id., and the plaintiff filed her original complaint on June 21, 2017, well within the required ninety-day period.

But the amended complaint does not resolve the biggest problem with the original complaint. The plaintiff still has not alleged that her employer discriminated against her on the basis of her race, color, religion, sex or national origin. The court does not know the plaintiff's race, color, religion, age or national original; it assumes that she is a woman based on her name, but the plaintiff never has said that her employer discriminated against her based on her sex, either. The amended complaint describes several unpleasant incidents that she says happened to her while she was working at the Four Points Sheraton Hotel. The court is sorry to hear that these things happened to the plaintiff. But as the court explained in its August 28, 2018 order, not all harassment is the basis for a lawsuit in federal court. The plaintiff does not tell the court who "Dan" is. She does not tell the court the date on which these events happened. She does not tell the court if she believes there was a reason behind these events.

The plaintiff also says that she was in a car accident, and that after her doctor released her to work, she was "placed on call" for one day and never called back. She does not explain how she believes this action violated her rights. Was she disabled, and the hotel refused to accommodate her disability, even after she asked (which might constitute a violation of the Americans With Disabilities Act)? Was she a non-exempt employee subject to the Fair Labor Standards Act, alleging that she effectively was fired for being injured? The court simply cannot tell from the allegations in the complaint what the defendants did to violate any federal law.

Even construing the amended complaint liberally, as it must, the court is not able to piece the allegations of the plaintiff's amended complaint into a claim on which this court could grant relief. Accordingly, the court will dismiss the plaintiff's complaint without prejudice—meaning that the plaintiff may file a new case based on these same allegations. Before the plaintiff files a new complaint, however, the court strongly encourages her to talk with a lawyer. There are many lawyers in the Milwaukee metropolitan area who specialize in labor law, and who might be able to talk with the plaintiff and help her figure out if she has a claim, and if so, for what. She might start by calling the Milwaukee Bar Association's Lawyer Referral & Information Service at 414-274-6768 and ask for a referral to a labor lawyer.

## II. Plaintiff's Motion to Appoint Counsel

Because the court is dismissing the amended complaint for failing to state a claim, the court will deny as moot her motion to appoint counsel.

### III. Conclusion

The court **ORDERS** that the plaintiff's amended complaint is **DISMISSED.** Dkt. No. 7.

The court **DENIES AS MOOT** the plaintiff's motion to appoint counsel. Dkt. No. 8.

Dated in Milwaukee, Wisconsin this 20th day of November, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**